**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICKY SCOTT, *individually, on Behalf of Himself and on Behalf of the General Public of the District of Columbia*,<br><br>                          Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                          Defendant. | No. 23-cv-00475-AHA<br><br>Hon. Amir H. Ali |

**ESI PROTOCOL**

Plaintiff Ricky Scott ("Plaintiff") and Defendant Apple Inc. ("Defendant") hereby agree

that the following procedures shall govern discovery of Electronically-Stored Information ("ESI")

in this case:

1.      **Custodian names and search terms to be exchanged.**  The parties shall meet and

confer to reach agreement on a reasonable list of custodians for purposes of collection, review and

production of electronically stored information.  In connection with the meet and confer process,

each party shall provide a proposed list of individual custodians who are knowledgeable about and

were involved with the core issues or subjects in this case (e.g., the asserted patents, the

development, design and operation of the accused products, and sales, marketing and other

damages-related information for the accused products).  The parties then shall meet and confer to

reach agreement on document custodians and also shall meet and confer to reach agreement on

search terms to be used for electronic searches of the files from those custodians.  ESI, including,

but not limited to electronic files and email, shall be collected for each individual custodian from

the personal computers, network resources, and other electronic devices that those individuals use

for work purposes.  Notwithstanding prior agreement on the search terms to be used for electronic

searches, should a search produce an unreasonably large number of non-responsive or irrelevant

results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results.  The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2.      **Format for production of documents – documents existing in electronic format.**  Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

A.      PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

B.      For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

C.      **Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

D.      **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing

party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

3.      **Format for production of documents – hardcopy or paper documents.**  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

4.      **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

5.      **Parent and child emails.**  The parties shall produce email attachments sequentially after the parent email.

6.      **Native files.**  The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

7.      **Databases.**  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8.       **Requests for hi-resolution or color documents.**  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable

in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

9.       **Foreign language documents.** All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

10.     **Document preservation.** The parties have discussed and understand their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate, and state as follows:

A.       The parties will undertake good faith efforts to preserve ESI that are proportionate and reasonable. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms. Absent a showing of good cause, electronic discovery other than electronic files and email are deemed not reasonably accessible and need not be collected and preserved. If any disputes arise concerning the scope of a party's preservation efforts, the parties agree to meet and confer to fully discuss the reasonableness and proportionality of the preservation.

B.       The parties have not yet identified any sources of ESI that should not be preserved due to burden, cost, or accessibility.

4

The parties shall promptly meet and confer during the pendency of this litigation if any issues arise regarding the burden, cost, or accessibility of preserving, searching, reviewing, or producing ESI.

**SO ORDERED.**

Date: April 10, 2025

AMIR H. ALI
United States District Judge

Dated: April 3, 2025

Respectfully submitted,

_/s/  David R. Singh_

David R. Singh (Bar ID 300840) (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-310
david.singh@weil.com

Luke Sullivan (BAR ID 1631774)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Luke.Sullivan@weil.com

*Attorneys for Apple Inc.*

/s/  *Bryan G. Faubus*

Bryan Faubus (Bar No. 90010590)
Nicholas A. Migliaccio (Bar No. 484366)
Jason Rathod (Bar No. 1000882)
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
bfaubus@classlawdc.com
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Counsel for the Plaintiffs*

**EXHIBIT A**

**TABLE OF METADATA FIELDS**

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or | The name of the author as identified |

| | | | sender of an email. | by the metadata of the document. |
|---|---|---|---|---|
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |